UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELNA BERRY, BART BERRY, GWINT L. FISHER, RENEE FISHER, IRIS RUIZ, GARET CUNNINGHAM, ROSALBA RUIZ, SUZANNAH ANDERSON, CADEN ASHKAR, KENDRA FROME, JACOB FROME, HAZEL FROME, AND OLIVIA FROME, individually and on behalf of all others similarly situated, and DOES 1-327,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware profit corporation; and ALASKA AIRLINES, INC., an Alaska corporation,<br><br>Defendants. | No. 2:24-cv-134<br><br>NOTICE OF REMOVAL |

TO: The Clerk, United States District Court
for the Western District of Washington at Seattle

Defendant The Boeing Company ("Boeing") hereby removes this civil case from King County Superior Court to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. This Court has original jurisdiction, and removal is proper under 28 U.S.C. § 1441(a), because in the putative class action (1) the aggregate number of members in the proposed class is 100 or more; (2) the matter in controversy "exceeds

NOTICE OF REMOVAL – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the sum or value of $5,000,000, exclusive of interest and costs"; and (3) the parties are minimally diverse—that is, "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A). As a short and plain statement of the grounds for removal, Boeing states the following.

## I.     INTRODUCTION AND BACKGROUND

This lawsuit arises from an incident on a Boeing 737-9 airplane operated by Alaska Airlines as Flight 1282 on January 5, 2024. Plaintiffs filed their state court complaint on January 11, 2024, in King County Superior Court as Case No. 24-2-00824-1 KNT, naming Boeing as the sole defendant. On January 16, 2024, prior to Boeing answering, Plaintiffs filed their First Amended Complaint, adding Alaska Airlines as a defendant. A true and correct copy of Plaintiffs' First Amended Complaint is attached as **Exhibit A**. Plaintiffs allege to have been passengers on Flight 1282 and one spouse of a passenger. Ex. A, First Amend. Compl. ¶¶ 4.1–4.13. Plaintiffs assert claims under the Washington Product Liability Act (RCW 7.72 *et seq.*) against Boeing, *id.* ¶¶ 8.1–8.3, and breach of common carrier's duty against Alaska Airlines, *id.* ¶¶ 8.4–8.16. They also seek class relief on behalf of all passengers on board Flight 1282 on January 5, 2024, and their spouses and registered domestic partners. *Id.* ¶¶ 8.17–8.26.

## II.     GROUNDS FOR REMOVAL

A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has jurisdiction based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), rendering the action removable.

### A.     This Court has jurisdiction under CAFA.

This case is removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under CAFA, which gives federal district courts original jurisdiction over any putative class action in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the matter in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and

NOTICE OF REMOVAL – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

costs"; and (3) the parties are minimally diverse—that is, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because all those requirements are met, and because Boeing has met all other applicable requirements, the case is removable under CAFA.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). Plaintiffs filed this case seeking "Class Relief" under Washington Superior Court Civil Rule 23 ("Civil Rule 23"). *See* Ex. A, First Amend. Compl. ¶¶ 8.17–8.26. Civil Rule 23 states that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Wash. Super. Ct. Civ. R. 23(a). The requirements for class certification under Civil Rule 23 parallel those of Federal Rule of Civil Procedure 23. *Compare* Wash. Super. Ct. Civ. R. 23 *with* Fed. R. Civ. P. 23. Thus, the amended complaint alleges a "class action" as defined by CAFA and, as described below, meets CAFA's other requirements as well.

### 1. The alleged class contains more than 100 members

Plaintiffs propose a class on behalf of "All passengers aboard Alaska Airlines Flight 1282 on January 5, 2024 who were not at that time on-duty employees of the Defendant, and their spouses and registered domestic partners." Ex. A, First Amend. Compl. ¶ 8.18. They further allege that the putative class includes "approximately 171 individual passengers and their spouses and registered domestic partners[.]" *Id.* ¶ 8.21. Accordingly, while Boeing does not concede that Plaintiffs' proposed class is certifiable, lawful, or otherwise proper, and while Boeing expressly reserves the right to raise all arguments and defenses to Plaintiffs' allegations, including the class

NOTICE OF REMOVAL – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

certification allegations, the alleged class includes *at least* 171 members for purposes of removal, exceeding CAFA's 100-member requirement.

### 2. The amount in controversy exceeds $5,000,000

CAFA requires courts to aggregate the claims of putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Thus, a court must "determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [Plaintiffs'] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

Plaintiffs do not allege a specific amount in controversy. When, as here, plaintiffs fail to allege a specific amount in controversy, a defendant need only make a plausible estimate. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Boeing alleges, based on the available information, that the amount in controversy exceeds CAFA's $5,000,000 threshold.

Plaintiffs allege that they suffered injuries such as "a concussion and soft tissue injuries to her neck and back," "lost hearing," "emotional distress, including but not limited to some or all of the following: terror, fear of death or serious injury, worry, anxiety, reaction to sudden noises, flashbacks of the incident and reluctance to fly," and "physical manifestations borne from the emotional distress that occurred." *See* Ex. A, First Amend. Compl. ¶¶ 7.1–7.4. They also seek "other special and general damages" and damages for "evaluation and/or treatment of health conditions and associated travel expenses, ticket fees, costs associated with cancelation of travel plans, the value of lost personal items, lost wages and other economic opportunities damages, psychological injury, lost enjoyment of life, lost travel and economic opportunities, inconvenience, lost personal experiences, and loss of consortium." *Id.* ¶ 7.4.


Case 2:24-cv-00134-RSM   Document 1   Filed 02/01/24   Page 4 of 8


Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiffs allege that the putative class includes *at least* 171 individuals. If each class member's damages were $29,240 or more, the aggregate matter in controversy of the proposed class of 171 or more would exceed $5,000,000. Based on its experience in cases involving similar claims, Boeing alleges, while reserving the right to dispute, that the damages sought by each class member exceed that amount. Moreover, this sum is for the passengers on Flight 1282 alone, and does not include the claims of the spouses and registered domestic partners that Plaintiffs also allege are part of the putative class. Thus, the aggregate amount in controversy plausibly exceeds CAFA's $5,000,000 threshold.

### 3. The parties are minimally diverse

The parties are minimally diverse, which requires only that "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The named plaintiffs are citizens of Washington, California, Oregon, and Florida. *See* Ex. A, First Amend. Compl. ¶¶ 4.1–4.13. Defendant Alaska Airlines is an Alaska corporation with its headquarters in Washington. *Id.* ¶ 4.15 Boeing is a Delaware corporation with its principal place of business in Arlington, Virginia. *See id.* ¶ 4.14. Thus, for removal purposes, Boeing is a citizen of Delaware and Virginia, and Alaska Airlines is a citizen of Alaska and Washington. *See* 28 U.S.C. § 1332(c)(1). There is thus minimal diversity under CAFA because at least one member of the class is diverse from Boeing and/or Alaska Airlines.

## B. Boeing has satisfied the other requirements for removal.

This case is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiffs' claims had they elected to file their case initially in federal court. This Court is the United States District Court for the district and division embracing the place where the case is pending—King County, Washington—and is therefore the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a).

By service upon it on January 12, 2024, Boeing first received a copy of the Summons and Complaint in the state-court action. Plaintiffs filed a First Amended Complaint on January 16,

NOTICE OF REMOVAL – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2024. This notice is filed within thirty (30) days of Boeing's receipt of the initial pleading as required by 28 U.S.C. §§ 1446(b)(1), (2)(B).

Under CAFA, the consent of all defendants to remove an action is not required. 28 U.S.C. § 1453(b); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015) ("section 1453 permit[s] a single defendant to remove without the consent of other defendants"); *Preston v. Tenet Healthsystems Memorial Medical Center, Inc.*, 485 F.3d 804, 814 (5th Cir. 2007) ("Congress eliminated the requirements for complete diversity and unanimous consent among the defendants to effectuate removal, such changes are clear from the plain language of the statute."); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1196 (11th Cir. 2007) (same). Nevertheless, Alaska Airlines consents to Boeing's removal of this action.

Attached to this Notice as Exhibit A is a true copy of the First Amended Complaint which Plaintiffs have filed in this case.[1] All other process, pleadings, or orders filed in this case will be filed, together with the verification of Boeing's counsel, within 14 days of the filing of this notice of removal, as required by the Local Rules of this Court.

Boeing is today serving this Notice of Removal on Plaintiffs and will promptly file a copy of this Notice with the Clerk for King County Superior Court in accordance with 28 U.S.C. § 1446(d).

---

[1] Also attached to this notice is Exhibit B, Plaintiffs' Second Praecipe, correcting the caption to their First Amended Complaint.

NOTICE OF REMOVAL – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Dated: February 1, 2024

/s/ *Christopher M. Ledford*
/s/ *Mack H. Shultz*
Mack H. Shultz, WSBA No. 27190
Christopher M. Ledford, WSBA No. 44515
**Perkins Coie LL**P
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
MShultz@perkinscoie.com
CLedford@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

NOTICE OF REMOVAL – 7

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on February 1, 2024, I caused the following to be served the foregoing NOTICE OF REMOVAL by the method(s) indicated:

| | |
|---|---|
| Daniel R. Laurence<br>Brad Moore<br>Melanie Nguyen<br>Furhad Sultani<br>STRITMATTER KESSLER KOEHLER MOORE<br>3600 15th Avenue W., Suite 300<br>Seattle, WA 98119<br>dan@stritmatter.com<br>brad@stritmatter.com<br>melanie@stritmatter.com<br>furhad@stritmatter.com<br><br>*Attorneys for Plaintiffs* | ___ Via hand delivery<br> X  Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>___ Other: _____ |
| Caryn Geraghty Jorgensen<br>Robert L. Bowman<br>McKenzi A. Hoover<br>STOKES LAWRENCE, P.S.<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA 98101-2393<br>caryn.jorgensen@stokeslaw.com<br>robert.bowman@stokeslaw.com<br>mckenzi.hoover@stokeslaw.com<br><br>*Attorneys for Defendant Alaska Airlines, Inc.* | ___ Via hand delivery<br> X  Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email<br>___ Other: _____ |

DATED this 1st day of February, 2024.

*s/Christopher M. Ledford*
Christopher M. Ledford

CERTIFICATE OF SERVICE – 1

92585466.1