The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELNA BERRY, et al., | No. 2:24-cv-00134-RSM |
| Plaintiffs, | DEFENDANT THE BOEING COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND CLASS RELIEF |
| v. | |
| THE BOEING COMPANY, a Delaware profit corporation; and ALASKA AIRLINES, INC., an Alaska corporation, | |
| Defendants. | |

Defendant The Boeing Company ("Boeing"), by and through its attorneys of record Perkins Coie LLP, answers Plaintiffs' First Amended Complaint as follows, in paragraphs numbered to correspond to the paragraph numbers in said First Amended Complaint. All facts not specifically admitted are denied.

The First Amended Complaint pertains to an aviation accident that occurred on January 5, 2024 near Portland, Oregon, and which is currently the subject of an ongoing investigation by the United States National Transportation Safety Board ("NTSB"). Boeing is a party to the NTSB investigation. Under federal law (49 U.S.C. § 1114(f) and 49 C.F.R. § 831.13), Boeing is prohibited at this time from releasing information concerning the January 5, 2024 accident to any person not a party to the investigations without prior consultation and approval of the NTSB.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3

Accordingly, in responding to this Complaint, Boeing has not relied upon information made known to Boeing personnel that is related to the NTSB investigation to form beliefs or knowledge as to the truth or falsity of any allegations made in the First Amended Complaint.

4

## I.    THE INCIDENT

5
6
7
8
9
10
11
12
13
14
15
16

1.1     Boeing admits that on January 5, 2024, Alaska Airlines Flight 1282, a Boeing 737-9 aircraft, serial number 67501, registration number N704AL, departing from Portland, Oregon and bound for Ontario, California, experienced an in-flight depressurization when a left mid-exit door ("MED") plug separated from the Subject Aircraft, after which the aircraft returned to Portland. Boeing admits that news sources have attributed to Mr. Calhoun the statement "we're going to approach this number one acknowledging our mistake." Boeing admits that Mr. Calhoun was interviewed by CNBC and that statements made during that interview speak for themselves. Boeing denies any implication made by Plaintiffs' allegations in this paragraph as related to Mr. Calhoun's statements or statements attributed to him. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

17
18
19
20
21
22

1.2     Boeing admits that the left MED plug on the Subject Aircraft is located on row 26, next to seat 26A. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them. In further response, Boeing states that the graphic depicted below Paragraph 1.2 does not consist of properly pled factual allegations and therefore requires no response. To the extent a response is required, Boeing lacks knowledge or information to form a belief as to the accuracy of the text and images contained in this conclusory graphic as depicted.

23
24
25
26

1.3     Boeing admits that, according to the NTSB Preliminary Report, 171 passengers and six crew were aboard Flight 1282. Boeing admits that the left MED plug separated from the Subject Aircraft during Flight 1282. Boeing is without sufficient knowledge or information upon which to

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

1.4     Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them. In further response, Boeing states that the photograph depicted below Paragraph 1.4 does not consist of properly pled factual allegations and therefore requires no response. To the extent a response is required, Boeing lacks knowledge or information to form a belief as to the accuracy of the photograph as depicted.

1.5     Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

1.6     Boeing admits that, according to the NTSB Preliminary Report, oxygen masks deployed during Flight 1282. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them. In further response, Boeing states that the photograph depicted below Paragraph 1.6 does not consist of properly pled factual allegations and therefore requires no response. To the extent a response is required, Boeing lacks knowledge or information to form a belief as to the accuracy of the photograph as depicted.

1.7     Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

1.8     Boeing admits that, according to the NTSB Preliminary Report, that the flight crew declared an emergency and descended to approximately 9,050 feet. Boeing also admits that Flight 1282 returned to Portland, Oregon. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

1.9     Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

1.10    Boeing admits that Flight 1282 landed safely in Portland, Oregon.

BOEING'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT – 3
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1.11    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them. In further response, Boeing states that the photograph depicted below Paragraph 1.11 does not consist of properly pled factual allegations and therefore requires no response. To the extent a response is required, Boeing lacks knowledge or information to form a belief as to the accuracy of the photograph as depicted.

1.12    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

1.13    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

1.14    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## II.    THE AIRCRAFT

2.1    Boeing admits only that it is in the business of designing, manufacturing, assembling, testing, servicing, marketing, promoting, and selling commercial aircraft, except for the components, parts, and systems designed, manufactured, assembled, tested, serviced, marketed, promoted, sold, or certified by others. Boeing admits that it is the type certificate holder for the Boeing 737-9 model aircraft, and that it assembles Boeing 737-9 model aircraft in Renton, Washington, including the Subject Aircraft. The remaining allegations are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

2.2    Boeing admits that the Subject Aircraft received its FAA Standard Airworthiness Certificate on October 25, 2023, and that it was delivered to Alaska Airlines in Washington on October 31, 2023. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

2.3    On information and belief, Boeing admits the allegations in this paragraph.

BOEING'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT – 4
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2.4     Boeing admits that Alaska Airlines took delivery of the Subject Aircraft on October 31, 2023, in Washington. Boeing also admits that, according to the NTSB Preliminary Report, Alaska Airlines put the Subject Aircraft into service on November 11, 2023. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

2.5     Boeing admits that, according to the NTSB Preliminary Report, the mid-exit door plug is installed in the fuselage by means of two upper guide fittings and two lower hinge fittings. Once in place, the mid-exit door plug is secured from moving vertically by four bolts (one for each fitting) secured by castle nuts and cotter pins. Outboard motion of the mid-exit door plug is prevented by 12 stop fittings installed on the fuselage door frame structure. In further response, Boeing states that the text and diagram depicted below Paragraph 2.5 does not consist of properly pled factual allegations and therefore requires no response. To the extent a response is required, Boeing lacks knowledge or information to form a belief as to the accuracy of the text and diagram as depicted.

2.6     Boeing admits that, according to the NTSB Preliminary Report, post-accident examination showed that the upper guide fittings were fractured vertically through the inboard wall of the track. Boeing further admits that, according to the NTSB Preliminary Report, photo documentation obtained from Boeing shows evidence that the left MED plug closed with no retention hardware (bolts) in the three visible locations. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

2.7     Boeing admits that the FAA issued Emergency Airworthiness Directive 2024-02-51 on January 6, 2024, the terms of which speak for themselves. Boeing admits that it has been reported that operators identified loose bolts during inspections. Boeing denies the remaining allegations in this paragraph.

BOEING'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT – 5
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2.8     Boeing admits that, according to the NTSB Preliminary Report, the airplane's maintenance logs indicated that a pressure controller light had illuminated on three previous flights. Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

### III.     QUALITY KILLERS

3.1     This paragraph does not contain properly pled factual allegations to which an answer is required.  To the extent a response is required, Boeing admits that on January 14, 2024, The Seattle Times article "Boeing's reputation hits more turbulence" contains the statements quoted above, which speak for themselves, and denies the remaining allegations in this paragraph.

3.2     Boeing denies the allegations in this paragraph.

3.3     Boeing denies the allegations in this paragraph.

3.4     Boeing denies the allegations in this paragraph.

3.5     The allegations in this paragraph are directed at a different party and no response is required from Boeing. To the extent a response is required, Boeing denies the allegations in this paragraph.

3.6     Boeing admits that the Subject Aircraft's fuselage was manufactured by a subcontractor, Spirit AeroSystems, and delivered to Boeing's facilities in Renton, Washington, where the Subject Aircraft was assembled. Boeing further admits that the 2020 Aircraft Certification, Safety, and Accountability Act was enacted on December 27, 2020. Boeing further admits that in April 2023, Spirit AeroSystems notified Boeing that a non-standard manufacturing process was used during the installation of two of the eight fittings that serve as attachment points for the vertical fin in the aft fuselage section of certain production units from a subset of 737 MAX minor models; that in August 2023, it identified fastener holes that did not conform to specifications in an aft pressure bulkhead assembly supplied by Spirit AeroSystems, and this condition was later determined to exist on certain other units; and that in December 2023, it

recommended that operators inspect all 737 MAX airplanes to ensure that a nut and bolt in the aft rudder assembly were properly installed.

3.7     The allegations in this paragraph are directed at a different party and no response is required from Boeing. To the extent a response is required, Boeing denies the allegations in this paragraph.

3.8     Boeing admits that, according to the NTSB Preliminary Report, photo documentation obtained from Boeing shows evidence that the left MED plug closed with no retention hardware (bolts) in the three visible locations. Boeing denies the remaining allegations.

3.9     The allegations in this paragraph are directed at a different party and no response is required from Boeing. To the extent a response is required, Boeing denies the allegations in this paragraph.

## IV.     THE PARTIES

4.1     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.2     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.3     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this

BOEING'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT – 7
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.4     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.5     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.6     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.7     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.8     Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.9    Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.10    Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.11    Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.12    Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.13    Boeing is without sufficient knowledge or information regarding the domicile of this Plaintiff upon which to form a belief as to the truth of the allegations in this paragraph. Boeing is also without sufficient knowledge or information regarding the remaining allegations in this

BOEING'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT – 9
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

4.14    Boeing admits that it is a Delaware corporation with its corporate headquarters and principal place of business in Arlington, Virginia. Boeing also admits that it has manufacturing facilities in Everett, Washington and Renton, Washington, and that Corporation Service Company is the registered agent for service of process within Washington. Boeing denies the remaining allegations in this paragraph.

4.15    Boeing is without sufficient knowledge or information regarding the remaining allegations in this paragraph upon which to form a belief as to the truth of those allegations and therefore denies them.

## V.    JURISDICTION & VENUE

5.1    Boeing admits that the allegations plead damages in excess of $300 per Plaintiff. The remaining allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

5.2    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

5.3    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

## VI.    AGENCY

6.1    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

## VII.    INJURIES & DAMAGES

7.1    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

BOEING'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT – 10
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

7.1.1    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.1.2    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.1.3    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.1.4    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.1.5    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.1.6    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.1.7    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.2    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.3    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.4    Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## VIII.    CAUSES OF ACTION

**A.    PRODUCT LIABILITY: CONSTRUCTION DEFECT – Boeing**

8.1    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

8.2     The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.3     The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

## B.     BREACH OF COMMON CARRIER'S DUTY – ALASKA AIRLINES

8.4     Boeing admits that it executed a deferred prosecution agreement ("the DPA") with the U.S. Department of Justice, Criminal Division, Fraud Section, and the U.S. Attorney's Office for the Northern District of Texas, which includes a Statement of Facts, on January 6, 2021, and that the facts recited in the DPA's Statement of Facts are true and the terms of the DPA speak for themselves. Boeing admits that the respective statements of Emmerson Buie Jr., David P. Burns, and Erin Nealy Cox, quoted in this paragraph, have been attributed to those individuals, but maintains that they are not properly pled allegations to which a response is required. Boeing denies the remaining allegations in this paragraph.

8.5     Boeing admits that the Second Memorandum Opinion & Order (No. 4:21-cr-5-O, Dkt. 116, N.D. Tex. Oct. 21, 2022) issued by Judge Reed O'Connor of the United States District Court for the Northern District speaks for itself, but maintains that the other statements in this paragraph are not properly pled allegations to which a response is required. To the extent a response is required, Boeing denies the remaining allegations in this paragraph.

8.6     Boeing admits that the DPA was available to the public. The remaining allegations in this paragraph are directed at a different party and no response is required from Boeing. To the extent a response is required, Boeing is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

8.7     The allegations in this paragraph are directed at a different party and no response is required from Boeing. To the extent a response is required, Boeing admits that the language quoted

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  above attributed to Stanley Deal appeared in a December 22, 2020 Alaska Airlines press release.

2  Boeing denies the remaining allegations in this paragraph. In further response, Boeing states that

3  the photograph depicted below Paragraph 8.7 does not consist of properly pled factual allegations

4  and therefore requires no response. To the extent a response is required, Boeing lacks knowledge

5  or information to form a belief as to the accuracy of the photograph as depicted.

6         8.8     Boeing admits that it has delivered 217 of the 737-9 aircraft, 79 of which were

7  delivered to United Airlines, and 65 of which were delivered to Alaska Airlines. Boeing denies

8  the remaining allegations in this paragraph.

9         8.9     The allegations in this paragraph are directed at a different party and no response is

10  required from Boeing. The allegations in this paragraph are also legal conclusions to which no

11  answer is required. To the extent an answer is required, Boeing denies the allegations in this

12  paragraph.

13        8.10    The allegations in this paragraph are directed at a different party and no response is

14  required from Boeing. The allegations in this paragraph are also legal conclusions to which no

15  answer is required. To the extent an answer is required, Boeing denies the allegations in this

16  paragraph.

17        8.11    The allegations in this paragraph are directed at a different party and no response is

18  required from Boeing. The allegations in this paragraph are also legal conclusions to which no

19  answer is required. To the extent an answer is required, Boeing denies the allegations in this

20  paragraph.

21        8.12    The allegations in this paragraph are directed at a different party and no response is

22  required from Boeing. The allegations in this paragraph are also legal conclusions to which no

23  answer is required. To the extent an answer is required, Boeing denies the allegations in this

24  paragraph.

25        8.13    The allegations in this paragraph are directed at a different party and no response is

26  required from Boeing. To the extent a response is required, Boeing admits that Alaska Airlines

1    made a statement on January 13, 2024, portions of which are quoted in this paragraph, and which

2    speaks for itself. Boeing denies the remaining allegations in this paragraph.

3          8.14    The allegations in this paragraph are directed at a different party and no response is

4    required from Boeing. To the extent a response is required, Boeing denies the allegations in this

5    paragraph.

6          8.15    The allegations in this paragraph are directed at a different party and no response is

7    required from Boeing. To the extent a response is required, Boeing denies the allegations in this

8    paragraph.

9          8.16    The allegations in this paragraph are directed at a different party and no response is

10   required from Boeing. To the extent a response is required, Boeing denies the allegations in this

11   paragraph.

12   **C.    CLASS RELIEF**

13
14         8.17    The allegations in this paragraph are legal conclusions to which no answer is

     required. To the extent an answer is required, Boeing denies them.
15
16         8.18    The allegations in this paragraph are legal conclusions to which no answer is

17   required. To the extent an answer is required, Boeing denies them.

18         8.19    The allegations in this paragraph are legal conclusions to which no answer is

19   required. To the extent an answer is required, Boeing denies them.

20         8.20    The allegations in this paragraph are legal conclusions to which no answer is

21   required. To the extent an answer is required, Boeing denies them.

22         8.21    The allegations in this paragraph are legal conclusions to which no answer is

23   required. To the extent an answer is required, Boeing denies them.

24         8.22    The allegations in this paragraph are legal conclusions to which no answer is

25   required. To the extent an answer is required, Boeing denies them.

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

8.22.1  The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.22.2  The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.23    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.24    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.25    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.26    The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.26.1  The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.26.2  The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

8.26.3  The allegations in this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Boeing denies them.

## IX.    AFFIRMATIVE AND OTHER DEFENSES

Boeing alleges the following affirmative and other defenses to Plaintiffs' Complaint:

### FIRST DEFENSE

1.      The Complaint and all claims for relief therein should be dismissed on the grounds that Plaintiffs have failed to join necessary and indispensable parties.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**SECOND DEFENSE**

2

2.      Plaintiffs may lack standing to bring this action or to bring claims arising out of

3

alleged actions or omissions affecting a third-party.

4

**THIRD DEFENSE**

5

3.      Plaintiffs' claims may be barred in whole or in part and/or preempted by federal

6

law.

7

**FOURTH DEFENSE**

8

4.      If Plaintiffs' damages, if any, were proximately caused by the acts or omissions of

9

others over whom Boeing had no control or right of control, those acts or omissions were a

10

superseding and sole, direct, and proximate cause of Plaintiffs' damages, if any.

11

**FIFTH DEFENSE**

12

5.      If Plaintiffs were injured by products originally designed, manufactured,

13

assembled, inspected, tested, or sold by Boeing, those products were subsequently installed,

14

removed, exchanged, altered, modified, retrofitted, repaired, overhauled, remanufactured,

15

improperly maintained, or misused by persons and/or entities other than Boeing, and over whom

16

Boeing had no control or right of control, and such installation, removal, change, alteration, repair,

17

modification, retrofitting, overhauling, remanufacturing, improper maintenance, or misuse

18

proximately caused or contributed to the events alleged in the Complaint and the resulting damages

19

complained of, if any.

20

**SIXTH DEFENSE**

21

6.      An award or judgment rendered in favor of Plaintiffs must be reduced by the

22

amount of benefits Plaintiffs received, or is entitled to receive, from any source as a result of this

23

accident.

24

**SEVENTH DEFENSE**

25

7.      Some or all of Plaintiffs' claims and available damages may be barred by virtue of

26

prior settlements.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**EIGHTH DEFENSE**

8.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Boeing and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any relief whatsoever, from Boeing.

**NINTH DEFENSE**

9.      Boeing places in issue the negligence, fault, and responsibility of all persons and entities, which may include but are not limited to any entity that altered, modified, overhauled, or repaired the Subject Aircraft or any relevant equipment on the Subject Aircraft, which have contributed in any degree to the injuries and damages alleged to have been sustained by Plaintiffs. Judgment against Boeing, if any, should be diminished to an amount that represents Boeing's degree of negligence, fault, or responsibility, if any.

**TENTH DEFENSE**

10.      Any claim for punitive damages would be barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protections of laws.

**NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION**

11.      Pursuant to Federal Rule of Civil Procedure 44.1, Boeing gives notice that it may raise issues concerning the applicability of the law of another jurisdiction, including but not limited to the laws of other states, and reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

**RESERVATION OF RIGHTS**

12.      Boeing reserves the right to add those affirmative defenses which it deems necessary to its defense or upon conclusion of investigation and discovery. Boeing further reserves the right to assert any additional affirmative defenses it has against Plaintiffs and the putative class allowed by the law of the jurisdiction found to apply in this case. It is not necessary at this time

BOEING'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT – 17
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  for Boeing to articulate defenses against the putative class because no class has been certified, and

2  no putative class members are parties to this suit.

3  <u>**PRAYER FOR RELIEF AND DEMAND FOR JUDGEMENT**</u>

4  WHEREFORE, Defendant The Boeing Company prays as follows:

5  A.  That Plaintiffs take nothing by the Complaint, that the Complaint be dismissed, and

6  that judgment on the Complaint be entered for Boeing;

7  B.  That Boeing be awarded its costs of suit and attorneys' fees;

8  C.  That the Court grant such further relief as the Court may deem just and proper.

9

10  Dated: March 11, 2024

By:  <u>s/ *Christopher M. Ledford*</u>
Mack H. Shultz, Bar No. 27190
Christopher M. Ledford, Bar No. 44515
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
MShultz@perkinscoie.com
CLedford@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on March 11, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: March 11, 2024

*s/ Christopher M. Ledford*
Christopher M. Ledford

CERTIFICATE OF SERVICE
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000