HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ELNA BERRY, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE BOEING COMPANY, a Delaware corporation, and ALASKA AIRLINES, INC., an Alaska corporation,<br><br>      Defendants. | Case No.: 2:24-cv-00134-RSM<br><br>ALASKA AIRLINES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND CLASS RELIEF |

      Alaska Airlines, Inc., ("Alaska Airlines") answers Plaintiffs' First Amended Complaint for Damages and Class Relief ("FAC") to the extent permitted by the applicable federal regulations controlling the National Transportation Safety Board's ("NTSB") Investigation into the subject accident. Alaska Airlines is a Party to the on-going NTSB Investigation represented in the Investigation by designated Party Representatives. 49 CFR §§ 831.11 and 831.13 restrict access to and disclosure of information and data collected and produced in the course of the NTSB Investigation. As such, Alaska Airlines is restricted in its access to investigative information and its ability to respond to certain of the allegations asserted in the FAC. Alaska Airlines reserves the right to amend its Answer to the FAC when it is permitted to do so in accordance with applicable NTSB Investigation regulations.

## I.   THE INCIDENT

1.1    In answer to paragraph 1.1 of the FAC, Alaska Airlines admits that, during Flight 1282 on January 5, 2024, the left mid exit door plug on the Boeing 737-9 MAX aircraft used to operate the flight (registration number N704AL) detached from the aircraft, and the aircraft sustained a loss of cabin pressure before descending and returning to Portland International Airport. Alaska Airlines further admits Flight 1282 was a regularly scheduled domestic flight from Portland, Oregon, to Ontario, California, and that Boeing CEO Dave Calhoun's public statements speak for themselves. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.1 of the FAC.

1.2    In answer to paragraph 1.2 of the FAC and noting the graphic appears intended only as a general representation, Alaska Airlines admits the allegations contained in paragraph 1.2.

1.3    In answer to paragraph 1.3 of the FAC, Alaska Airlines admits only that there were 171 passengers and 6 crew members aboard Flight 1282 and that the left mid exit door plug detached from the aircraft in flight, causing the aircraft to lose cabin pressure. Alaska Airlines denies any remaining allegations in paragraph 1.3 of the FAC.

1.4    In answer to paragraph 1.4 of the FAC, Alaska Airlines admits only that some passengers' personal belongings and certain parts of the cabin interior were damaged and/or lost in the accident. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.4 of the FAC.

1.5    In answer to paragraph 1.5 of the FAC, Alaska Airlines admits only that the cockpit door opened during the accident and passengers reported experiencing various levels of physical and emotional distress from the accident. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.5 of the FAC.

1.6    In answer to paragraph 1.6 of the FAC, Alaska Airlines admits only that oxygen masks released during the flight and its flight attendants attended to children and other

passengers. Alaska denies the oxygen masks did not work. By way of further response, Alaska Airlines has been designated by the NTSB as a Party to its investigation for this accident. 49 C.F.R. §§ 831.11. As a Party to the NTSB Investigation, Alaska Airlines is prohibited from disseminating certain information related to the accident at this time, including information alleged in paragraph 1.6 of the FAC. *See* 49 C.F.R. § 831.13. Therefore, Alaska Airlines can neither admit nor deny any remaining allegations in paragraph 1.6 of the FAC. Alaska Airlines may amend its Answer when it is permitted to do so.

1.7     In answer to paragraph 1.7 of the FAC, Alaska Airlines admits only that the accident affected the flight crew's communications. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.7 of the FAC.

1.8     Alaska Airlines admits the allegations in paragraph 1.8 of the FAC.

1.9     In answer to paragraph 1.9 of the FAC, Alaska Airlines admits only that passengers reported experiencing various levels of physical and emotional distress from the accident. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.9 of the FAC.

1.10    Alaska Airlines admits the allegations in paragraph 1.10 of the FAC.

1.11    In answer to paragraph 1.11 of the FAC, Alaska Airlines admits only that EMTs responded to the accident. Alaska Airlines lacks knowledge or information sufficient to form a believe about the truth of the remaining allegations in paragraph 1.11 of the FAC.

1.12    Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.12 of the FAC.

1.13    In answer to paragraph 1.13 of the FAC, Alaska Airlines admits only that some passengers were rebooked on a different flight and some declined. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.13 of the FAC.

1.14  Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.14 of the FAC.

## II.  THE AIRCRAFT

2.1  The allegations in paragraph 2.1 of the FAC are directed to defendant Boeing and assert legal conclusions.  As such, no response from Alaska Airlines is required.  To the extent a response is required, Alaska Airlines admits Boeing is the manufacturer and Type Certificate Holder of the subject aircraft and owes duties consistent with applicable law.  Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 2.1 of the FAC.

2.2  In answer to paragraph 2.2 of the FAC, Alaska Airlines admits only that the subject aircraft received its airworthiness certificate on October 25, 2023, was delivered to Alaska Airlines on October 31, 2023, and received its FAA registration certificate on November 2, 2023. Alaska Airlines denies the remaining allegations in paragraph 2.2 of the FAC.

2.3  In answer to paragraph 2.3 of the FAC, Alaska Airlines admits only that, at the time of the subject flight, Alaska was the registered owner of the subject aircraft.  Alaska Airlines denies the remaining allegations in paragraph 2.3 of the FAC.

2.4  Alaska Airlines denies the allegations in paragraph 2.4 of the FAC.

2.5  In answer to paragraph 2.5 of the FAC, Alaska Airlines admits only the allegations and image reflect a generalized description and illustration of a 737-9 MAX door plug.  Alaska lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 2.5 of the FAC.

2.6  In answer to paragraph 2.6 of the FAC, Alaska Airlines admits only that the subject aircraft was delivered by Boeing to Alaska Airlines. By way of further response, Alaska Airlines has been designated by the NTSB as a Party to its investigation for this accident. 49 C.F.R. §§ 831.11. As a Party to the NTSB Investigation, Alaska Airlines is prohibited from disseminating certain information related to the accident at this time, including information

alleged in paragraph 2.6 of the FAC. *See* 49 C.F.R. § 831.13. Therefore, Alaska Airlines can neither admit nor deny the remaining allegations in paragraph 2.6 of the FAC. Alaska Airlines will amend its Answer when it is permitted to do so.

   2.7 In answer to paragraph 2.7 of the FAC, Alaska Airlines admits only that loose bolts were discovered on certain of its Boeing 737-9 MAX aircraft during inspections conducted following the accident. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2.7 of the FAC.

   2.8 In answer to paragraph 2.8 of the FAC, Alaska Airlines admits only that: (1) the subject aircraft's Auto Cabin Pressure Controller light activated on three occasions prior to Flight 1282 on January 5, 2024, none of these events involved an issue with the pressurization of N704AL, and each time the control system lights were evaluated and resolved in compliance with FAA-approved maintenance procedures; and (2) Alaska Airlines restricted N704AL from Extended-Range Twin-Engine Operations Performance Standards ("ETOPS") so the aircraft could remain closer to one of Alaska Airlines' maintenance repair stations which are located in the continental United States in case a control system issue were to reoccur, consistent with industry-standard practice. By way of further response, pressurization on the 737-9 MAX is managed by a triple-redundant system, which operated as designed on the three prior occasions where the light activated. Alaska Airlines denies the Auto Cabin Pressure Controller light activations made the aircraft unsafe to fly, denies any correlation between the pressurization controller warning light activations and the door plug accident on Flight 1282, and denies the remaining allegations in paragraph 2.8 of the FAC.

### III. QUALITY KILLERS

   3.1 Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.1 of the FAC.

   3.2 Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.2 of the FAC.

3.3  Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.3 of the FAC.

3.4  Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.4 of the FAC.

3.5  Alaska Airlines denies the allegations in paragraph 3.5 of the FAC.

3.6  In answer to paragraph 3.6 of the FAC, Alaska Airlines admits only that Boeing utilizes a supply chain in its production of 737 MAX aircraft, conducts final assembly in Renton, Washington, and issued a Multi-Operator Message ("MOM") regarding possible loose hardware that controls rudder movement in its 737 MAX aircraft on or around December 2023, a document that speaks for itself. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.6 of the FAC.

3.7  Alaska Airlines admits the allegations in paragraph 3.7 of the FAC.

3.8  In answer to paragraph 3.8 of the FAC, Alaska Airlines has been designated by the NTSB as a Party to its investigation for this accident. 49 C.F.R. §§ 831.11. As a Party to the NTSB Investigation, Alaska Airlines is prohibited from disseminating certain information related to the accident at this time, including information alleged in paragraph 3.8 of the FAC. *See* 49 C.F.R. § 831.13. Therefore, Alaska Airlines can neither admit nor deny the allegations in paragraph 3.8 of the FAC. Alaska Airlines will amend its Answer when it is permitted to do so.

3.9  Alaska Airlines denies the allegations in paragraph 3.9 of the FAC.

### IV.  THE PARTIES

4.1  In answer to paragraph 4.1 of the FAC, Alaska Airlines admits only that Plaintiff Iris Ruiz was a passenger on flight 1282 on January 5, 2024, ticketed for seat 18A. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.1 of the FAC.

4.2  In answer to paragraph 4.2 of the FAC, Alaska Airlines admits only that Plaintiff Garet Cunningham was a passenger on flight 1282 on January 5, 2024, ticketed for seat 28E (not 28D as alleged in the FAC). Alaska Airlines lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations in paragraph 4.2 of the FAC.

  4.3 In answer to paragraph 4.3 of the FAC, Alaska Airlines admits only that Plaintiff Rosalba Ruiz was a passenger on flight 1282 on January 5, 2024, ticketed for seat 28D (not 28E as alleged in the FAC). Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.3 of the FAC.

  4.4 In answer to paragraph 4.4 of the FAC, Alaska Airlines admits only that Plaintiff Elna Berry was a passenger on flight 1282 on January 5, 2024. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.4 of the FAC.

  4.5 In answer to paragraph 4.5 of the FAC, Alaska Airlines admits only that Plaintiff Elna Berry was a passenger on flight 1282 on January 5, 2024, ticketed for seat 18C. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.5 of the FAC.

  4.6 In answer to paragraph 4.6 of the FAC, Alaska Airlines admits only that Plaintiff Gwint Fisher was a passenger on flight 1282 on January 5, 2024, ticketed for seat 16B (not 16C as alleged in the FAC). Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.6 of the FAC.

  4.7 In answer to paragraph 4.7 of the FAC, Alaska Airlines admits only that Plaintiff Renee Fisher was a passenger on flight 1282 on January 5, 2024, ticketed for seat 16C (not 16B as alleged in the FAC). Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.7 of the FAC

  4.8 In answer to paragraph 4.8 of the FAC, Alaska Airlines admits only that a passenger on flight 1282 on January 5, 2024, with the first name Suzannah, was ticketed for seat 1C. Alaska Airlines denies the passenger manifest shows a passenger "Suzannah Anderson" on the subject flight. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 4.8 of the FAC.

4.9 In answer to paragraph 4.9 of the FAC, Alaska Airlines admits only that Plaintiff C.A., a minor, was a passenger on flight 1282 on January 5, 2024, ticketed for seat 20F. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.9 of the FAC.

4.10 In answer to paragraph 4.10 of the FAC, Alaska Airlines admits only that Plaintiff Kendra Frome was a passenger on flight 1282 on January 5, 2024, ticketed for seat 19D, along with minor J.F. ticketed as a lap infant, minor O.F., ticketed for seat 19E, and minor H.F., ticketed for seat 19F. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.10 of the FAC.

4.11 In answer to paragraph 4.11 of the FAC, Alaska Airlines admits only that Plaintiff J.F., a minor, was a passenger on flight 1282 on January 5, 2024, ticketed as a lap infant for seat 19D (not 1D as alleged in the FAC). Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.11 of the FAC.

4.12 In answer to paragraph 4.12 of the FAC, Alaska Airlines admits only that Plaintiff H.F., a minor, was a passenger on flight 1282 on January 5, 2024, ticketed for seat 19E (not 1E as alleged in the FAC). Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.12 of the FAC.

4.13 In answer to paragraph 4.13 of the FAC, Alaska Airlines admits only that Plaintiff O.F., a minor, was a passenger on flight 1282 on January 5, 2024, ticketed for seat 19F (not 1F as alleged in the FAC). Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.13 of the FAC.

4.14 In answer to paragraph 4.14 of the FAC, Alaska Airlines admits Boeing is a Delaware corporation with its corporate headquarters in Virginia and its Commercial Airplanes Division in Renton, Washington. Alaska Airlines further admits Boeing manufactures its 737-9 MAX aircraft at its manufacturing facility in Renton, Washington. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4.14 of the FAC.

4.15    In answer to paragraph 1.3 of the FAC, Alaska Airlines admits only that its corporate headquarters are located at 19300 International Blvd, Ste 800, SeaTac, WA, 98188-4231, that Kyle Levine at the same address is registered as an agent for service of process, and that Alaska Airlines is a 14 CFR Part 121 air carrier that carries passengers for hire. By way of further response, Alaska Airlines, Inc. is an Alaska corporation, not a Washington corporation as alleged in the FAC. Alaska Airlines denies all remaining allegations in paragraph 4.15 of the FAC.

## V.    JURISDICTION & VENUE

5.1    In answer to paragraph 5.1 of the FAC, Alaska Airlines admits only that subject matter jurisdiction over this matter is proper in the United States District Court for the Western District of Washington. Alaska Airlines denies the remaining allegations in paragraph 5.1 of the FAC.

5.2    In answer to paragraph 5.2 of the FAC, Alaska Airlines admits only that the United States District Court for the Western District of Washington has personal jurisdiction over Alaska Airlines for purposes of this matter, and that Alaska Airlines was served with the Complaint. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5.2 of the FAC.

5.3    In answer to paragraph 5.3 of the FAC, Alaska Airlines admits only that venue for this matter is proper in the United States District Court for the Western District of Washington at Seattle.

## VI.    AGENCY

6.1    The allegations in paragraph 6.1 of the FAC state legal conclusions and are not directed to Alaska Airlines. Consequently, no response is required. To the extent a response is necessary, Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.1 of the FAC.

## VII.    INJURIES & DAMAGES

7.1    In answer to paragraph 7.1 of the FAC, including subparagraphs 7.1.1–7.1.7,

Alaska Airlines admits only that passengers reported experiencing various levels of physical and emotional distress from the accident. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of each Plaintiff's individual experience on Flight 1282 contained in paragraph 7.1 of the FAC, including subparagraphs 7.2.2–7.1.7.

7.2     In answer to paragraph 7.2 of the FAC, Alaska Airlines admits only that passengers reported experiencing various levels of physical and emotional distress from the accident. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of each Plaintiff's individual experience on Flight 1282 contained in paragraph 7.2 of the FAC.

7.3     In answer to paragraph 7.3 of the FAC, Alaska Airlines admits only that passengers reported experiencing various levels of physical and emotional distress from the accident. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of each Plaintiff's individual experience on Flight 1282 contained in paragraph 7.3 of the FAC.

7.4     Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.4 of the FAC. By way of further response, Alaska Airlines denies it is liable for any of the relief mentioned in paragraph 7.4 of the FAC.

## VIII.   CAUSES OF ACTION

A.     PRODUCT LIABILITY: CONSTRUCTION DEFECT-BOEING

8.1     The allegations in paragraph 8.1 of the FAC are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines admits the allegations contained in paragraph 8.1 of the FAC, to the extent Washington law applies to Plaintiffs' claims.

8.2     The allegations in paragraph 8.2 of the FAC are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines has been designated by the NTSB as a Party to its investigation for this accident. 49 C.F.R. § 831.11. As a Party to the NTSB Investigation, Alaska Airlines is prohibited from disseminating

information related to the accident at this time, including the information alleged in paragraph 8.2 of the FAC. *See* 49 C.F.R. § 831.13. Therefore, Alaska Airlines can neither admit nor deny the allegations in paragraph 8.2 of the FAC. Alaska Airlines will amend its answer when it is permitted to do so.

        8.3     The allegations in paragraph 8.3 of the FAC are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines has been designated by the NTSB as a party to its investigation for this accident. 49 C.F.R. § 831.11. As a Party to the NTSB Investigation, Alaska Airlines is prohibited from disseminating information related to the accident at this time, including the information alleged in paragraph 8.3 of the FAC. *See* 49 C.F.R. § 831.13. Therefore, Alaska Airlines can neither admit nor deny the allegations in paragraph 8.3 of the FAC. Alaska Airlines will amend its answer when it is permitted to do so.

B.     BREACH OF COMMON CARRIER'S DUTY-ALASKA AIRLINES[1]

        8.4     In answer to paragraph 8.4 of the FAC, Alaska Airlines admits only that Boeing was indicted by the Justice Department and entered into a deferred prosecution agreement as detailed in publicly available documents, including the DOJ press release cited in footnote 13, which documents speak for themselves. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8.4 of the FAC.

        8.5     In answer to paragraph 8.5 of the FAC, Alaska Airlines admits only that the referenced court order cited in paragraph 8.5 of the FAC at footnote 14 speaks for itself. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8.5 of the FAC.

        8.6     In answer to paragraph 8.6 of the FAC, Alaska Airlines admits only that Alaska Airlines management and the public at large, were aware, based on publicly available

---

[1] To the extent section headings in the FAC are intended as allegations, Alaska denies that it breached any duties of care to Plaintiffs regarding the subject incident.

information, of Boeing's indictment and deferred prosecution related to the MCAS accidents. To the extent further answer is required, Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft and denies liability for the subject accident.

8.7     In answer to paragraph 8.7 of the FAC, Alaska Airlines admits only that the press release from October 26, 2022, cited at footnote 15 of the FAC, and the press release from December 22, 2020, cited at footnote 16 of the FAC, speak for themselves. Alaska Airlines denies Plaintiffs' characterizations of the press releases in paragraph 8.7, including the allegation that the December 22, 2020, press release was "two months later" than the October 26, 2022 press release. To the extent further answer is required, Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft and denies liability for the subject accident.

8.8     In answer to paragraph 8.8 of the FAC, Alaska Airlines admits only that, as of January 5, 2024, its fleet included 65 Boeing 737-9 MAX aircraft. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8.8 of the FAC.

8.9     The allegations contained in paragraph 8.9 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, Alaska Airlines admits only that it is a 14 CFR Part 121 air carrier, subject to federal aviation regulations, and that it met the applicable duty of care with regard to each Plaintiff. Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft and denies liability for the subject accident. Alaska Airlines further denies that paragraph 8.9 of the FAC accurately states the applicable duty of care and denies the remaining allegations contained in paragraph 8.9 of the FAC.

8.10    The allegations contained in paragraph 8.10 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, Alaska Airlines admits only that it is a 14 CFR Part 121 air carrier, subject to federal aviation regulations, and that it met the

applicable duty of care with regard to each Plaintiff. Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft and denies liability for the subject accident. Alaska Airlines further denies that paragraph 8.10 of the FAC accurately states the applicable duty of care and denies the remaining allegations contained in paragraph 8.10 of the FAC.

8.11    The allegations contained in paragraph 8.11 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, Alaska Airlines admits only that it is a 14 CFR Part 121 air carrier, subject to federal aviation regulations, and that it met the applicable duty of care with regard to each Plaintiff. Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft and denies liability for the subject accident. Alaska Airlines further denies that paragraph 8.11 of the FAC accurately states the applicable duty of care and denies the remaining allegations contained in paragraph 8.11 of the FAC.

8.12    The allegations contained in paragraph 8.12 of the FAC state a legal conclusion to which no response is required. To the extent a response is required, Alaska Airlines admits only that it is a 14 CFR Part 121 air carrier, subject to federal aviation regulations, and that it met the applicable duty of care with regard to each Plaintiff. Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft and denies liability for the subject accident. Alaska Airlines further denies that paragraph 8.12 of the FAC accurately states the applicable duty of care and denies the remaining allegations contained in paragraph 8.12 of the FAC.

8.13    In answer to paragraph 8.13 of the FAC, Alaska Airlines admits only that the press release from January 13, 2024, cited in footnotes 17 and 18 of the FAC, speaks for itself. To the extent further response is required, Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft and denies liability for the subject accident.

8.14   Alaska Airlines denies the allegations in paragraph 8.14 of the FAC accurately state the duty of care applicable to a 14 CFR Part 121 air carrier, denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft, and denies liability for the subject accident. By way of further answer, Alaska Airlines is a Party to the NTSB Investigation of the subject accident. 49 C.F.R. § 831.11. As such Alaska Airlines admits only that it is prohibited from disseminating information related to the accident at this time, including but not limited to the information referenced in paragraph 8.14 of the FAC. *See* 49 C.F.R. § 831.13. Alaska Airlines can neither admit nor deny the remaining allegations in paragraph 8.14 of the FAC. Alaska Airlines will amend its answer when it is permitted to do so.

8.15   Alaska Airlines denies the allegations in paragraph 8.15 of the FAC accurately state the duty of care applicable to a 14 CFR Part 121 air carrier, denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft, denies liability for the subject accident, and denies any remaining allegations in paragraph 8.15 of the FAC.

8.16   Alaska Airlines denies the allegations in paragraph 8.16 of the FAC.

C.   CLASS RELIEF

8.17   The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies it violated any duty of care related to the purchase, maintenance, or operation of the subject aircraft, denies liability for the subject accident, and denies any conduct on the part of Alaska Airlines was a proximate cause of Plaintiffs' claimed injuries. Alaska Airlines lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8.17 of the FAC.

8.18   The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.18 of the FAC.

8.19   The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska

Airlines denies the allegations in paragraph 8.19 of the FAC.

8.20    The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.20 of the FAC.

8.21    The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.21 of the FAC.

8.22    The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.22 of the FAC, including all subparagraphs.

8.23    The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.23 of the FAC.

8.24    The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.24 of the FAC.

8.25    The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.25 of the FAC.

8.26    The class action allegations in paragraphs 8.17-8.26 are not directed to Alaska Airlines and therefore no response is required. To the extent a response is necessary, Alaska Airlines denies the allegations in paragraph 8.26 of the FAC, including all subparagraphs.

## IX.    PLAINTIFFS' PRAYER FOR RELIEF

9.1    In response to Plaintiffs' Prayer for Relief, Alaska Airlines denies it is liable to Plaintiffs and denies Plaintiffs are entitled to any of the damages or relief requested from Alaska Airlines.

## X. ALASKA AIRLINES' AFFIRMATIVE DEFENSES

Without conceding the burden of proof as to any issue, Alaska Airlines asserts the following affirmative defenses:

1. Plaintiffs may have failed, in whole or in part, to state a claim against Alaska Airlines upon which relief may be granted.

2. Plaintiffs' alleged injuries or damages were caused by the fault of persons or entities over whom Alaska Airlines has no control and for whom Alaska Airlines carries no responsibility, including but not limited to Defendant The Boeing Company and/or non-party Spirit AeroSystems.

3. Neither Alaska Airlines nor its agents and employees were the legal, proximate, or substantial cause of any of the injuries alleged by Plaintiffs.

4. Some or all of Plaintiffs' claims or the standard of care applicable to Plaintiffs' claims may be preempted by federal law, including but not limited to the Airline Deregulation Act, the Federal Aviation Act, federal aviation regulations, the Montreal Convention, and other treaties, conventions, federal laws, and regulations.

5. Plaintiffs seek recovery for product related harms, as such, their exclusive remedy is via the applicable product liability law including, dependent on conflict of law principles, the Washington Product Liability Act, and Alaska Airlines cannot be liable for design or manufacturing defects.

6. Alaska Airlines at all times relevant hereto acted in good faith and consistent with applicable law, including but not limited to federal aviation regulations.

7. Some or all of Plaintiffs' alleged injuries may involve a pre-existing illness, injury, or condition or may have resulted from intervening or superseding causes.

Alaska Airlines reserves the right to amend its answer to assert additional defenses revealed in the course of investigation and discovery.

## XII. DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Alaska Airlines, Inc. prays for relief as follows:

1. Dismissal of Plaintiffs' claims with prejudice;

2. An award to Alaska Airlines of its attorneys' fees and costs to the extent permitted by law; and

3. Any other relief the Court may deem just and equitable.

Dated this 11th day of March 2024.

STOKES LAWRENCE, P.S.

By: */s/Caryn Geraghty Jorgensen*
Caryn Geraghty Jorgensen (WSBA #27514)
Robert L. Bowman (WSBA #40079)
Brett T. MacIntyre (WSBA #46572)
McKenzi A. Hoover (WSBA #58635)
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
E-mail: caryn.jorgensen@stokeslaw.com
E-mail: robert.bowman@stokeslaw.com
E-mail: brett.macintyre@stokeslaw.com
E-mail: mckenzi.hoover@stokeslaw.com

*Attorneys for Defendant Alaska Airlines, Inc.*

.