THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELNA MARIE BERRY; BART BERRY; GWINT L. FISHER; RENÉE FISHER; IRIS RUIZ; GARET CUNNINGHAM; ROSALB RUIZ; SUZANNAH LUHN ANDERSON RYAN ANDERSON, DEBBIE ASHKAR an STEVEN ASHKAR, individually and on behalf of their minor son, C.A.; KENDRA FROME an DAVID FROME, individually and on behalf of her minor children J.F., H.F. and O.F.; MARGARITA ANDERSON; JOS ANDERSON; MINHKIM BUI; MINHTAM BUI; EVAN GRANGER; CHRISTOPHER HICKMAN; TERESA HICKMAN; MEGAN HUTCHENS; ELIZABETH LE; CONNER MEJIA; JESSICA MONTOYA; ROBERT MONTOYA; VI NGUYEN; MICHAEL SIMENTAL and GRACE SIMENTAL, individually and on behalf of their minor children E.S. and K.S.; EVAN SMITH; LORRAINE SMITH; DENISE STEWART; NATHANIEL STEWART; GEORGE TATE JR., L'TOYA WHEELER-TATE; MARY GRACE CATLEUSTARIS; ROBERTO USTARIS; JENNIFER WINEGAR; DARREN WINEGAR; KIRSTEN WRIGHT; THOMAS KASTEN; ROBERT WRIGHT; individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware profit corporation; SPIRIT AEROSYSTEMS, INC., a Delaware profit corporation; and ALASKA AIRLINES, INC., an Alaska corporation,,<br><br>Defendants. | No. 2:24-cv-00134-RSM<br><br>DEFENDANT BOEING'S OPPOSITION TO PLAINTIFFS' MOTION TO ISSUE CLASS NOTICE |

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 1
(No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**INTRODUCTION**

This lawsuit arises from an accident on a Boeing 737-9 airplane operated by Alaska Airlines as Flight 1282 on January 5, 2024. Plaintiffs filed a putative class action complaint against Boeing on January 11 and a First Amended Complaint that added Alaska Airlines as a defendant on January 16. On May 22, Plaintiffs filed a Second Amended Complaint dropping the class allegations. They now move for permission to issue a Rule 23(d)(1)(B) "notice" that is essentially a solicitation to represent the putative class members as individual plaintiffs. Plaintiffs' motion should be denied for two reasons.

First, notice to putative class members before a certification decision is unnecessary when dismissal would cause no prejudice to the putative class members. *See, e.g.*, *Bray v. Simon & Schuster, Inc.*, 2014 WL 2893202, at *3 (W.D. Mo. June 25, 2014); *Clark v. Hyatt Hotels Corp.*, 2020 WL 6870599, at *2 (D. Colo. Oct. 30, 2020). Plaintiffs claim that notice is necessary here "because class members may be relying on the class to represent their interests," Mot. at 5, but they offer no evidence of that. And the circumstances here contradict their claim of prejudice. Flight 1282 occurred less than five months ago, and there is no imminent filing deadline under any potentially applicable statute of limitations. Any potential plaintiff can easily secure counsel and file suit, and many have already done so. Nearly a dozen other firms are already representing plaintiffs in pending or potential litigation arising out of the accident even though this matter has been pending as a putative class action for four months. Indeed, Plaintiffs' counsel here added 24 new passenger-plaintiffs to the Second Amended Complaint, belying the notion that passengers were simply relying on class allegations to protect their interests.

Second, Plaintiffs' proposed notice should be rejected because it amounts to a solicitation that goes well beyond the provision of mere notice. That is particularly problematic here given that notice would go directly to the non-Plaintiff passengers even though Plaintiffs' counsel is aware that many of those passengers are currently represented by other counsel regarding the incident flight. To the extent the Court finds that notice of the voluntary withdrawal of class claims is

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 2
(No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

needed to protect the interests of the non-Plaintiff passengers, Boeing requests that the Court order the parties to confer and submit a joint proposed notice, including designation of a mutually agreeable administrator.

## BACKGROUND

Plaintiffs filed their putative class action complaint on January 11, 2024, in King County Superior Court, Case No. 24-2-00824-1 KNT. Boeing was the sole defendant. On January 16, 2024, Plaintiffs filed their First Amended Complaint, adding Alaska Airlines. *See* Dkt. 1-02. Plaintiffs in the First Amended Complaint alleged that they were passengers on Flight 1282 or a passenger's spouse. *Id.* ¶¶ 4.1–4.13. They asserted claims under the Washington Product Liability Act (RCW 7.72 *et seq.*) against Boeing, *id.* ¶¶ 8.1–8.3, and breach of a common carrier's duty against Alaska Airlines, *id.* ¶¶ 8.4–8.16. Plaintiffs also sought class relief on behalf of all passengers on Flight 1282 and their spouses and registered domestic partners. *Id.* ¶¶ 8.17–8.26. Boeing removed the case to federal court under the Class Action Fairness Act on February 1, 2024. *See* Dkt. 1 at 2.

On May 3, Plaintiffs moved for leave to file a Second Amended Complaint. *See* Dkt. 25. The Second Amended Complaint differs from the First Amended Complaint in several ways: (1) it removes all class allegations and no longer seeks class relief; (2) it adds 34 plaintiffs to the lawsuit; (3) it adds Spirit AeroSystems, Inc., as a defendant; (4) it includes a new claim for fraud against Boeing; and (5) it now seeks punitive damages. *See generally* Dkt. 25-01 (proposed Second Amended Complaint); Dkt. 25-08 (redline of changes). The parties stipulated to the amendment and leave was granted. Dkt. 32. Plaintiffs then filed the Second Amended Complaint on May 22. Dkt. 33.

During this process, on May 10, Plaintiffs moved "the Court [to] order a class notice to the former putative class pursuant to Rule 23(d)(1)(B)," and submitted a proposed class notice. *See* Dkt. 29, 30-01.

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 3
(No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**LEGAL STANDARD**

Federal Rule of Civil Procedure 23 contemplates four types of notice—certification notice, settlement notice, fee notice, and discretionary notice. *See* Fed. R. Civ. P. 23; 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 8:1 (6th ed. 2023). The first three types of notice are mandatory. As to discretionary notice, Rule 23 states that a court may issue orders that

> require—to protect class members and fairly conduct the action—
> giving appropriate notice to some or all class members of:
>
> (i) any step in the action;
>
> (ii) the proposed extent of the judgment; or
>
> (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action.

Fed. R. Civ. P. 23(d)(1)(B). Subdivision (d)(1)(B)—previously Subdivision (d)(2)—"does not require notice at any stage, but rather calls attention to its availability and invokes the court's discretion." Fed. R. Civ. P. 23(d)(2) advisory committee's note to 1966 amendment; *e.g.*, *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 962–63 (3d Cir. 1983). Although courts have considerable discretion in determining whether to send out a notice under Subdivision (d)(1)(B), such notice is unnecessary before a certification decision in the absence of prejudice. *See Bray*, 2014 WL 2893202, at *3.

**ARGUMENT**

**A.    Notice is not needed to protect the interests of potential class members.**

Plaintiffs ask the Court to order notice to the non-Plaintiff passengers of Plaintiffs' voluntary removal of class allegations. They claim notice is necessary to inform the passengers "that their rights will not be represented in a class action." Mot. at 5. Plaintiffs are incorrect and notice is inappropriate here.

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 4
(No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

      Courts typically issue discretionary notice when there are "questions regarding the adequacy of the class representative, in order to notify the class members of newly relevant information, and/or when a court denies class certification." *City Select Auto Sales, Inc. v. David/Randall Assocs.*, 151 F. Supp. 3d 508, 513 (D.N.J. 2015) (citation omitted); *see also* Fed. R. Civ. P. 23(d)(2) advisory committee's note to 1966 amendment (listing examples where discretionary notice is appropriate); 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 8:26 (citing cases). None of those circumstances is present here.

      Plaintiffs suggest that their voluntary removal of class allegations is similar to a denial of class certification, *see* Mot. at 6, but that analogy has no application to requests for pre-certification discretionary notice. *See Clark*, 2020 WL 6870599, at *2 ("Plaintiffs' reliance on cases involving post-certification notice [was] misplaced.")[1] Plaintiffs' voluntary removal of the class allegations about four months after they first brought suit is obviously worlds away from a denial of class certification, which typically occurs much later in the litigation process. And indeed, pre-certification discretionary notice is "routinely rejected" as "even 'broad authority' has limits." *Clark*, 2020 WL 6870599, at *2 ("[N]othing in [Rule 23(d)(1)(B)] expressly authorizes pre-certification notice to *potential* class members."); *see also DW Volbleu, LLC v. Honda Aircraft Co.*, 2021 WL 5826536, at *5 (E.D. Tex. Dec. 8, 2021) (declining to issue notice prior to certification). The *Clark* court declined to issue notice because "no class ha[d] been certified, and the Court ha[d] not determined that the requirements for class-action treatment ha[d] been met." 2020 WL 6870599, at *2.

      In the rare cases where courts have found notice appropriate for a putative class, the decisions are based on factors such as "the likelihood that putative class members are aware of the litigation, and whether they have relied on prosecution of their claims by the named plaintiff, and whether there is any evidence of collusion between the named plaintiff and the defendant." *Bray*,

---

[1] In any event, notice is not required even when class certification is denied. *See Puffer v. Allstate Ins.*, 614 F. Supp. 2d 905, 909 (N.D. Ill. 2009) ("[N]othing in Rule 23 requires notice to issue to former putative class members after a motion for class certification has been denied.").

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 5
(No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2014 WL 2893202, at *2–3 (citations omitted) (determining based on listed factors that "the putative class will not be harmed by dismissal of the class claims without prejudice, and notice to the putative class is not necessary"). None of those factors warrants notice here.

First, while Plaintiffs argue that media coverage of this case suggests that non-Plaintiff passengers may be relying on class notice, that ignores the extensive coverage of the other Flight 1282 cases.[2] To date, 40 other AS 1282 passengers have filed their own claims outside of this case. *See* Complaint, *Talley v. Boeing*, No. 24-2-00985-0 (Wash. Super. Ct. Jan. 16, 2024) (26 passenger-plaintiffs); Complaint, *Tran v. Boeing*, No. 24-2-05657-2 (Wash. Super. Ct. Mar. 14, 2024) (7 passenger-plaintiffs); Complaint, *Kwok v. Boeing*, No. 24-cv-0489 (D. Or. Mar. 21, 2024) (3 passenger-plaintiffs); Complaint, *Moise v. Boeing*, No. 24-cv-03942 (C.D. Cal. May 10, 2024) (4 passenger-plaintiffs). Together with the 37 passenger-Plaintiffs in this case, 77 passengers are already plaintiffs in active litigation.

Second, the risk of reliance by the non-Plaintiff passengers is minimal considering the early stage of the litigation and the existence of other actions related to the same incident. In most cases involving Rule 23(d)(1)(B) notice, the danger of reliance exists because the litigation is ending, either through denial of class certification or a settlement and voluntary dismissal of the entire case. *E.g.*, *Bray*, 2014 WL 2893202, at *2. But here, the litigation is not ending, and under any potentially applicable statute of limitations, the non-Plaintiff passengers still have at least a year

---

[2] *E.g.*, Emily Mae Czachor, *3 passengers on Alaska Airlines Flight 1282 where door plug blew out sue the airline and Boeing for $1 billion*, CBS NEWS (Mar. 4, 2024), https://www.cbsnews.com/news/alaska-airlines-flight-1282-door-plug-blowout-1-billion-lawsuit-airline-boeing;  James Gordon, *Portland couple aboard Alaska flight sue airline and Boeing for $1 BILLION after door blew off plane midflight*, DAILY MAIL (Mar. 2, 2024), https://www.dailymail.co.uk/news/article-13150511/Portland-couple-aboard-Alaska-flight-suing-airline-BILLION-door-blew-off.html; Melissa Koenig, *Alaska Airlines passenger injured when door flew off mid-flight is suing airline, says he was 'holding on for dear life'*, NY Post (Mar. 19, 2024), https://nypost.com/2024/03/19/us-news/alaska-airlines-passenger-injured-when-door-flew-off-mid-flight-says-he-was-holding-on-for-dear-life; Maanvi Singh, *Man who was almost sucked off plane among group suing Alaska and Boeing*, THE GUARDIAN (Mar. 14, 2024), https://www.theguardian.com/world/2024/mar/14/passengers-sue-alaska-airlines-boeing-airplane-panel-blowout; *Passengers sue Alaska Airlines, Boeing after door-plug incident*, TODAY.COM (Jan. 17, 2024), https://www.today.com/video/passengers-sue-alaska-airlines-boeing-after-door-plug-incident-202057797789; Aimee Green, *Second lawsuit faults Alaska Airlines, not just Boeing, for hole torn in side of plane*, OREGON LIVE (Jan. 17, 2024), https://www.oregonlive.com/news/2024/01/second-lawsuit-faults-alaska-airlines-not-just-boeing-for-hole-torn-in-side-of-plane.html.

BOEING'S OPPOSITION TO PLAINTIFFS' MOTION TO ISSUE CLASS NOTICE – 6 (No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

to assert their rights, if not longer. Because the non-Plaintiff passengers are not prejudiced by a "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations," notice is not needed. *Del Rio v. CreditAnswers, LLC*, 2011 WL 1869881, at *2 (S.D. Cal. May 16, 2011).

Finally, there has been no collusion here between the named plaintiffs and Boeing. This factor typically arises where a settlement is reached prior to a certification decision, and it is considered paramount in determining whether to issue notice under Rule 23(d)(1)(B). *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314 (4th Cir. 1978) ("In weighing whether to require a certification determination and notice under the foregoing rule, the District Court should focus primarily on the possibility that the pre-certification compromise is the product of collusion." (internal quotation marks omitted)); *Bray*, 2014 WL 2893202, at *3. This case features no compromise or settlement, and there is no possible collusion. *See Lewis v. Vision Value*, 2012 WL 2930867, at *3 (E.D. Cal. July 18, 2012), *report and recommendation adopted*, 2012 WL 13189902 (E.D. Cal. Aug. 6, 2012).

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 7
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.     If notice is issued, it should not include Plaintiffs' counsel's contact information.**

Even if notice were necessary here, Boeing would object to Plaintiffs' proposed notice, *see* Dkt. 30-01, because the inclusion of their counsel's contact information is effectively a solicitation by Plaintiffs' counsel to non-Plaintiff passengers. The contested portion of the notice is excerpted below:

> **4. What Are My Options?**
>
> You don't need to do anything if you choose not to bring a claim related to Flight 1282.
>
> If you do wish to bring a claim you may contact an attorney. The Court has not appointed attorneys for any purpose. However, the attorneys who filed this Lawsuit are identified below. You may contact them with questions about the Lawsuit.
>
> Karen Koehler
> Andrew Ackley
> Daniel Laurence
> Stritmatter Kessler Koehler Moore
> 3600 15th Ave W, Ste. 300
> Seattle, WA 98119
> 206-826-8217

Whether or not counsel intends to solicit additional claims, this section of the notice is improper for two reasons. First, as an objective matter, it likely constitutes a solicitation under the Model Rules of Professional Conduct. *See* Model Rules of Pro. Conduct r. 7.3 (defining "solicitation" as "a communication initiated by or on behalf of a lawyer or law firm that is directed to a specific person the lawyer knows or reasonably should know needs legal services in a particular matter and that offers to provide, or reasonably can be understood as offering to provide, legal services for that matter"). Plaintiffs' counsel would be initiating a communication to non-Plaintiff passengers by means of the notice, Plaintiffs' counsel knows some non-Plaintiff passengers may need legal representation, and the language of the notice reasonably can be understood to be an offer for legal services for claims related to Flight 1282.

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 8
(No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Second, the notice potentially violates Washington's Rule of Professional Conduct that prohibits communication with a person the lawyer knows to be represented by another lawyer. *See* Wash. RPC 4.2. As noted in the previous section, 40 passengers are currently represented by different counsel and bringing separate actions regarding the incident flight. *See supra* at 6. Moreover, Boeing understands that additional passengers who have not yet filed a lawsuit are currently represented by counsel.

Plaintiffs will likely argue in reply that including their contact information is necessary to answer questions the non-Plaintiff passengers may have. But to the extent non-Plaintiff passengers have questions, they can and should be directed to a third-party for response. In cases of class settlement (when notice is mandated, *see* Fed. R. Civ. P. 23(c)), a *third-party administrator* is typically responsible for hosting a website to post the notice, receiving contact information for non-Plaintiff passengers, sending out notices, receiving responses, and answering questions or providing information. *E.g.*, *Miller v. MV Transp., Inc.*, 2019 WL 2366467, at *1 (W.D. Tex. June 4, 2019) (requiring claims administrator conduct those tasks following conditional certification of class). Using an administrator preserves justice. Unlike counsel for either party, a third-party administrator can provide unbiased information because the administrator is disinterested in the ultimate outcome of the matter.

Thus, should the Court determine notice is necessary, Boeing requests that the Court order the parties to submit a joint proposed notice within 30 days of an order from this Court, including designation of a mutually agreeable administrator, to be paid for by Plaintiffs.

## CONCLUSION

For the foregoing reasons, Boeing respectfully requests that this Court deny Plaintiffs' motion to issue class notice. In the alternative, should the Court determine that notice is necessary, Boeing requests that Plaintiffs' counsel's contact information be removed and that the parties be ordered to submit a joint notice and agree upon an administrator within 30 days of an order from this Court.

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 9
(No. 2:24-cv-00134-RSM)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*I certify that this memorandum contains 2,353 words, in compliance with the Local Civil Rules.*

Dated: May 28, 2024

By: s/ *Christopher M. Ledford*
Christopher M. Ledford, Bar No. 44515
Mack H. Shultz, Bar No. 27190
Breanna C. Philips, Bar No. 58757
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
MShultz@perkinscoie.com
CLedford@perkinscoie.com
BPhilips@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

BOEING'S OPPOSITION TO PLAINTIFFS'
MOTION TO ISSUE CLASS NOTICE – 10
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on May 28, 2024, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: May 28, 2024

s/ *Christopher M. Ledford*
Christopher M. Ledford

CERTIFICATE OF SERVICE
(No. 2:24-cv-00134-RSM)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000