UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELNA MARIE BERRY; BART BERRY; GWINT L. FISHER; RENÉE FISHER; IRIS RUIZ; GARET CUNNINGHAM; ROSALB RUIZ; SUZANNAH LUHN ANDERSON RYAN ANDERSON, DEBBIE ASHKAR an STEVEN ASHKAR, individually and on behalf of their minor son, C.A.; KENDRA FROME an DAVID FROME, individually and on behalf of her minor children J.F., H.F. and O.F.; MARGARITA ANDERSON; JOS ANDERSON; MINHKIM BUI; MINHTAM BUI; EVAN GRANGER; CHRISTOPHER HICKMAN; TERESA HICKMAN; MEGAN HUTCHENS; ELIZABETH LE; CONNER MEJIA; JESSICA MONTOYA; ROBERT MONTOYA; VI NGUYEN; MICHAEL SIMENTAL and GRACE SIMENTAL, individually and on behalf of their minor children E.S. and K.S.; EVAN SMITH; LORRAINE SMITH; DENISE STEWART; NATHANIEL STEWART; GEORGE TATE JR., L'TOYA WHEELER-TATE; MARY GRACE CATLEUSTARIS; ROBERTO USTARIS; JENNIFER WINEGAR; DARREN WINEGAR; KIRSTEN WRIGHT; THOMAS KASTEN; ROBERT WRIGHT; individually, <br><br>             Plaintiffs, <br><br>     v. <br><br> THE BOEING COMPANY, a Delaware profit corporation; SPIRIT AEROSYSTEMS, INC., a Delaware profit corporation; AND ALASKA AIRLINES, an Alaska corporation, <br><br>             Defendants. | NO. 2:24-CV-0134-RSM <br><br> ORDER DENYING MOTION TO ISSUE CLASS NOTICE |

ORDER DENYING MOTION TO ISSUE CLASS NOTICE – 1

This matter comes before the Court on Plaintiffs' Motion for the Court to order a notice be sent to the former putative class pursuant to Rule 23(d)(1)(B). Dkt. #29. This lawsuit was filed on behalf of passengers aboard Alaska flight 1282 where a blowout of a fuselage panel caused injuries. Although this was initially filed as a putative class action, Plaintiffs have amended their complaint to join 37 plaintiff passengers and remove class allegations. *See* Dkt. #33. Plaintiffs now request that "because other putative class members may be relying on the class to protect their interests, the Court order a "simple class notice advising them that the class has been withdrawn." Dkt. #29 at 1–2. Plaintiffs provide no evidence of confusion. They do attach a list of articles that mention a class action for the Alaska flight 1282 incident. *See* Dkt. #30-2.

Defendants Boeing and Alaska Airlines oppose this Motion. Boeing states that the notice is "essentially a solicitation to represent the putative class members as individual plaintiffs." Dkt. #41 at 2. Boeing argues that "notice to putative class members before a certification decision is unnecessary when dismissal would cause no prejudice to the putative class members." *Id.* (citing *Bray v. Simon & Schuster, Inc.*, 2014 WL 2893202, at *3 (W.D. Mo. June 25, 2014); *Clark v. Hyatt Hotels Corp.*, 2020 WL 6870599, at *2 (D. Colo. Oct. 30, 2020)). Boeing highlights the lack of evidence of confusion among putative class members. Boeing points out:

> Flight 1282 occurred less than five months ago, and there is no imminent filing deadline under any potentially applicable statute of limitations. Any potential plaintiff can easily secure counsel and file suit, and many have already done so. Nearly a dozen other firms are already representing plaintiffs in pending or potential litigation arising out of the accident even though this matter has been pending as a putative class action for four months. Indeed, Plaintiffs' counsel here added 24 new passenger-plaintiffs to the Second Amended Complaint, belying the notion that passengers were simply relying on class allegations to protect their interests.

*Id.*

ORDER DENYING MOTION TO ISSUE CLASS NOTICE – 2

Under Fed. R. Civ. P. 23(d)(1)(B), the Court "may issue orders that require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of any step of the action." Alaska argues it is unclear if the Court can even issue an order for a pre-certification notice to potential class members under this rule. Dkt. #39 at 3 (citing *DW Volbleu, LLC v. Honda Aircraft Co., Inc.*, 2021 WL 5826536, at *2 (E.D. Tex. Dec. 8, 2021)).

The Court agrees with Boeing that Plaintiffs have failed to demonstrate confusion or prejudice to putative class members. There is no reason to believe that flight 1282 passengers have had or will have any difficulty securing counsel. Although it appears unsettled whether or not this type of notice can be given under this rule prior to class certification, the Court declines to do so in its discretion under the facts of this case.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for the Court to order a notice be sent to the former putative class pursuant to Rule 23(d)(1)(B), Dkt. #29, is DENIED. Given the above basis for the Court's rulings, the Court declines to strike anything in Plaintiffs' Reply brief as requested by Defendants' Surreply. The Court further STRIKES Plaintiffs' Motion for Leave to Amend Complaint, Dkt. #24, as duplicative of the stipulated motion to amend, Dkt. #31, which has already been granted by the Court.

DATED this 18th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE