UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELNA MARIE BERRY; BART BERRY; GWINT L. FISHER; RENÉE FISHER; IRIS RUIZ; GARET CUNNINGHAM; ROSALB RUIZ; SUZANNAH LUHN ANDERSON RYAN ANDERSON, DEBBIE ASHKAR an STEVEN ASHKAR, individually and on behalf of their minor son, C.A.; KENDRA FROME an DAVID FROME, individually and on behalf of her minor children J.F., H.F. and O.F.; MARGARITA ANDERSON; JOS ANDERSON; MINHKIM BUI; MINHTAM BUI; EVAN GRANGER; CHRISTOPHER HICKMAN; TERESA HICKMAN; MEGAN HUTCHENS; ELIZABETH LE; CONNER MEJIA; JESSICA MONTOYA; ROBERT MONTOYA; VI NGUYEN; MICHAEL SIMENTAL and GRACE SIMENTAL, individually and on behalf of their minor children E.S. and K.S.; EVAN SMITH; LORRAINE SMITH; DENISE STEWART; NATHANIEL STEWART; GEORGE TATE JR., L'TOYA WHEELER-TATE; MARY GRACE CATLEUSTARIS; ROBERTO USTARIS; JENNIFER WINEGAR; DARREN WINEGAR; KIRSTEN WRIGHT; THOMAS KASTEN; ROBERT WRIGHT; individually,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE BOEING COMPANY, a Delaware profit corporation; SPIRIT AEROSYSTEMS, INC., a Delaware profit corporation; AND ALASKA AIRLINES, an Alaska corporation,<br><br>　　　　Defendants. | NO. 2:24-CV-0134-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE |

ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE – 1

This matter comes before the Court on Plaintiffs' Motion for Dismissal without Prejudice pursuant to Rule 41(a)(2).[1]  Dkt. #79.  Plaintiffs seek dismissal to "reset the action because a) this is no longer a class action and diversity requirements are not met; b) discovery is paused perhaps for another six months or more due to the NTSB investigation impacting the identification and joinder of new defendants; c) Plaintiffs need more time and information to add parties and determine how the case should be tried; d) more time and flexibility to demand a jury encourages other plaintiffs to join the group for efficiency and judicial economy without unnecessary separation of trials, leading to inconsistent results; and e) there is no recognized legal prejudice to the Defendants."  *Id*. at 3.  Plaintiffs' Motion makes clear that a significant reason for seeking dismissal is to secure a jury trial in state court.  Plaintiffs have not demanded a jury trial by the deadline in this case.

Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part: "…an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper… Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  This rule "allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).  When ruling on a motion to dismiss without prejudice, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."  *Id.* (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).  Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some

---

[1] Although the Motion initially cites to Rule 41(a)(1), that rule is inapplicable as Defendants have filed answers and have refused to stipulate to dismissal.  *See* Dkts. #19, #20, and #81.

ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE – 2

legal argument…. [u]ncertainty because a dispute remains unresolved is not legal prejudice." *Id*. at 97.  "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id*.  Also, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal."  *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

This lawsuit was filed on behalf of passengers aboard Alaska flight 1282 where a blowout of a fuselage panel caused injuries.  It was originally filed as a class action in King County Superior Court against only Defendant Boeing.  Plaintiffs amended to include Defendant Alaska Airlines. On February 2, 2024, Boeing removed the action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  Dkt. #1.  Although this was initially filed as a putative class action, Plaintiffs have since amended their complaint to join 37 plaintiff passengers and remove class allegations.  *See* Dkt. #33.

Defendants oppose this Motion.  They first focus on Plaintiffs' lack of diligence.  *See* Dkt. #81 at 2 ("Boeing removed this case from Washington state court over ten months ago. Plaintiffs neither moved to remand, nor requested a trial by jury. The deadlines to do so have long since passed…").  Defendants then cite to *Andrews v. U.S. Sec. Holdings Inc.*, for this seemingly dispositive quote: ""Ninth Circuit authority is clear that 'a voluntary dismissal may not be used to revive a jury trial right that was forfeited by the failure to make a timely jury demand.'"  *Id*. (citing 2015 WL 1238890, at *7 (C.D. Cal. Mar. 17, 2015) (quoting *Koerner v. Aetna U.S. Healthcare, Inc.*, 92 F. App'x 394, 396 (9th Cir. 2003) (unpublished)).  Defendants end with several smaller issues that tend toward inconvenience more than prejudice.

On Reply, Plaintiffs adequately distinguish the procedural posture in *Andrews* from the one here:

ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE – 3

> Under facts not present here, the court deciding *Andrews* found, "the prejudice is much more than just another lawsuit or Defendants' trial preparations." *Id*. "If the Court allowed [sic] Plaintiff to dismiss his case and refile, he would obtain a new set of discovery deadlines. The Court is not willing to allow Plaintiff another bite at the discovery apple." By contrast, here, discovery has essentially not begun because Defendants have made the most minimal initial disclosures and invoke the NTSB disclosure ban, 49 C.F.R. § 831.13. *Andrews* also cited its plaintiff's waiver of jury trial, and "never made any attempt to demand a jury trial until now, a month before trial." *Id*. Here, trial under the current case schedule is over nine months away (Dkt. 73) and must be further delayed due to the ongoing NTSB investigation, and because despite 47 Plaintiffs' highly detailed initial disclosures, Defendants have sat idle even on damages discovery. Nor did *Andrews* ostensibly involve a case the plaintiff filed in state court that sought to return to state court, rather than refile in federal court. Neither case that *Andrews* relied upon (and on which Defendants stake their opposition here), *Koerner v. Aetna U.S. Healthcare, Inc.*, 92 Fed. Appx. 394, 396 (9th Cir. 2003) (removal on diversity jurisdiction) and *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) (removal on diversity jurisdiction) involved the plaintiff's desire to rightfully invoke a return to state court jurisdiction.

Dkt. #82 at 4.

The *Andrews* court made clear that its ruling was based on the timing of Plaintiff's motion a month before trial, and that the "plain legal prejudice" in that case was "another attempt to conduct timely discovery *and* the revival of the right to a jury trial." 2015 WL 1238890 at *7 (emphasis added). *Andrews* cites to an unpublished case, *Koerner*, with a significantly different procedural history, which in turn cited to *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997). *Russ* refers to the problem of allowing a plaintiff to seek voluntary dismissal under 41(a)(2) "solely" to cure an untimely demand for a jury trial. 120 F.3d 988 at 990.

The Court agrees with Plaintiffs that *Andrews* and the other cases cited by Defendants are not directly on point due to significant differences in the procedural posture of these cases. The instant case is not on the eve of trial. Discovery has not progressed very far. Plaintiffs seek to

ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE – 4

reset their case so that they can pursue a jury trial, yes, but also for other reasons, listed above, including a return to state court.  The Court finds that Plaintiffs' actions can hardly be called "forum shopping" as Plaintiffs intend to re-file this case in the same state court it was originally filed in.  This Court has not indicated how it will rule on any substantive issues in this case.  Plaintiffs' lack of diligence and the inconvenience of the parties' having to repeat certain tasks are overstated and not the focus of the cases that have addressed this issue.  Given all of the above, the Court finds that Defendants will not suffer plain legal prejudice by this dismissal and that there is no other reason to deny the Motion.

        Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Dismissal without Prejudice pursuant to Rule 41(a)(2), Dkt. #79, is GRANTED.  Plaintiffs' claims are DISMISSED without prejudice.  This case is CLOSED.

        DATED this 11th day of December, 2024.

        RICARDO S. MARTINEZ
        UNITED STATES DISTRICT JUDGE